## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT NEW YORK

NATIONAL BANK OF KUWAIT, S.A.K.P.,  §
NEW YORK BRANCH,  §
 §
     PLAINTIFF,  §
 §
VS  §     CIVIL ACTION NO. 24-CV-4324
 §
BRADLEY PARKER  §
 §
     DEFENDANT.  §

### MOTION TO DISMISS UNDER RULE 12

1.      The Defendant Bradley Parker Moves to dismiss under Rule 12.

2.      The Plaintiff has failed to plead a claim under Rule 12(b)(6).  Plaintiff has not filed a pleading, and accordingly has not stated a claim upon which relief can be granted.

3.      Defendant objects to venue.  Defendant is a resident of Texas. (Southern District, Houston Division).  The subject matter of the dispute involves Texas meetings, real estate and a Texas Bankruptcy.

4.      New York lacks in personae jurisdiction over Defendant as Defendant resides in Texas and does not have minimum contacts with the State of New York, nor does Defendant have an agent or other contact with New York.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 1984 ); Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945).

5.  Defendant moves to dismiss on lack of service.  No complaint or other pleading for relief was served on him.

                **Respectfully submitted,**

                **/s/Bradley Parker**
                **2127 Bolsover St.**
                **Houston TX,  77005**
                **832-293-3893**

**Certificate Of Service**

I certify that I served a true and correct copy of the attached pleading on all counsel of

record on June 21, 2024.

/s/Bradley Parker

For the reasons that follow, the motion to dismiss is denied:

1.      <u>Failure to file a pleading:</u>  Defendant complains that no pleading was filed in this case. CPLR § 3213 allows a plaintiff to "serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint" when "an action is based upon an instrument for the payment of money only." An unconditional guaranty counts as such, so no complaint was required here. *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 36 N.E.3d 80, 84 (N.Y. 2015). And "[a] federal court to which a state action is removed takes the action in the posture in which it existed when removed from a state court's jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal." *UBS AG, London Branch v. Greka Integrated, Inc.*, 2020 WL 1957530, at *3 (S.D.N.Y. Apr. 23, 2020) (citation omitted). Although a court can order repleading, doing so is "unnecessary." Fed. R. Civ. P.81(c)(2). And the court finds that here, the notice-giving function of pleadings under the Federal Rules of Civil Procedure was satisfied by the papers that were filed. *See Frank B. Hall & Co. v. Rushmore Ins. Co.*, 92 F.R.D. 743, 745 (S.D.N.Y. 1981).

2.      <u>Venue:</u> Plaintiff makes the required showing that venue is proper because the Southern District of New York is "the district court of the United States for the district and division embracing" the Supreme Court, New York County, from which this case was removed. 28 U.S.C. § 1441; *see Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 442 (S.D.N.Y. 2022) (explaining that removal statute rather than ordinary federal venue statute governs venue in removed cases under *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953)).

3.      <u>Personal jurisdiction:</u> Plaintiff makes the required showing that there is personal jurisdiction because the guaranty that is the subject matter of this dispute contains a forum-selection clause providing for personal jurisdiction in New York. Dkt. 7-1 at 10-11; *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). Defendant does not identify any valid reason as to why that clause shouldn't be enforced. *See D.H. Blair*, 462 F.3d at 103 (explaining conditions for enforcing clause).

4.      <u>Service:</u> Defendant asserts without explanation that no complaint or other pleading was served on him. But Plaintiff has filed evidence that the requisite filings were served on Defendant via both certified mail (as agreed to in the guaranty) and personal service. Dkt. 7-1 at 11; Dkt. 7-3; Dkt. 7-4; Dkt. 8-1; Dkt. 8-2. Defendant fails to provide any evidence showing otherwise or an explanation as to why service was nonetheless insufficient. *See, e.g., Alfred E. Mann Living Tr. v. ETIRC Aviation S.a.r.l.*, 910 N.Y.S.2d 418, 421 (1st Dep't 2010) (explaining that "parties to a contract are free to contractually waive service of process"); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) (similar).

The Clerk of Court is directed to terminate the motion at Dkt. 5.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 9, 2024