UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL BANK OF KUWAIT, S.A.K.P.,
NEW YORK BRANCH,

       Plaintiff,

-against-

BRADLEY PARKER,

       Defendant.

24-CV-4324 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

 Defendant Bradley Parker moves for reconsideration of the Court's order granting summary judgment in favor of plaintiff National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"). Dkt. 43. Parker argues that the Court overlooked that NBK signed a settlement agreement releasing its claims against the "Choudhri Released Parties," which includes Choudhri's "agents," "[a]s of the [e]ffective [d]ate" of the agreement. *See* Dkt. 39-1 §§ 1.8, 4.2(a). And because he is an agent of Choudhri, says Parker, NBK necessarily released any claim against him as soon as the agreement was signed.

 As the Court explained in its order, Parker is covered by the settlement agreement as a "Galleria Released Part[y]," which includes "guarantors (including the Guarantor under the Loan Agreement)." *Nat'l Bank of Kuwait, S.A.K.P., N.Y. Branch v. Parker*, 2025 WL 1580871, at *3 (S.D.N.Y. June 4, 2025). The settlement agreement unambiguously stated that NBK's release of its claim against "the Guarantor under the Loan Agreement"—undisputedly Parker—was not effective until "NBK's receipt of the Settlement Payment or the Purchase Option Payment." *Id.* This provision plainly imposes conditions precedent to NBK's release of its claim against Parker on the guaranty. *Id.*

 Parker argues that NBK nonetheless released its claim against him because he is an agent of Choudhri. Setting aside Parker's failure to introduce any evidence at summary judgment that he had an agency relationship with Choudhri[1] or that he signed the guaranty in this capacity, adopting Parker's arguments would "violate the settled maxim of contract construction that forbids giving a contract a nonsensical interpretation." *Aviation Fin. Co. Ltd. v. Chaput*, 2015 WL 13203653, at *9 (S.D.N.Y. Mar. 12, 2015). As NBK puts it, "it would be nonsensical to expressly provide a

---

[1] In support of his motion for reconsideration, Parker submitted an agency agreement between himself and Choudhri, under which Choudhri designated Parker as his agent "for the express purpose of acquiring and holding record title" to certain investment properties. *See* Dkt. 43-1 § 1. NBK urges the Court to disregard this document given that Parker failed to produce it at summary judgment. Even if the Court were to consider it, it doesn't change the outcome for the reasons explained in this order.

release to Parker as a Galleria Released Party contingent on receipt of the settlement or purchase option payment while also implicitly providing Parker a release as a Choudhri Released Party without such a condition precedent." Dkt. 50 at 4.

Putting that to the side, Parker's classification as a "Choudhri Released Party" wouldn't be a get-out-of-jail-free card anyway. Among other things, the settlement agreement makes clear that in the case of a "Settlement Default," which includes NBK's failure to receive the settlement payment, NBK would have the right to "pursue any and all rights and remedies it has under the Loan Documents, applicable law and in equity," with the Loan Documents including Parker's guaranty. Dkt. 39-1 §§ 6.1, 6.2, 1.13. That claim would not be covered by the release of the Choudhri Released Parties that Parker points to, given that the release applies solely to claims "until the date of this [settlement agreement]," while a broader release applies only "upon NBK's receipt of the Settlement Payment or the Purchase Option Payment." *Id*. § 4.2.

In sum, the Court addressed the extent to which NBK released its claim against Parker under the settlement agreement and concluded that the settlement agreement didn't bar NBK's claim. NBK plainly did not release its claim against Parker on the guaranty unless certain conditions precedent were met. Accordingly, the motion for reconsideration is DENIED.

SO ORDERED.

Dated: July 25, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2